**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IAN LEONARD GREATHEAD, | Case No.: 1:25-cv-13924 |
| Plaintiff, | |
| | Judge Charles P. Kocoras |
| v. | |
| | Magistrate Judge Beth W. Jantz |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**SUPPLEMENTAL DECLARATION OF KEITH A. VOGT
IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF CONSENT JUDGMENT**

Submitted pursuant to the Court's Minute Order dated July 21, 2026 [45]

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IAN LEONARD GREATHEAD, | Case No.: 1:25-cv-13924 |
| Plaintiff, | |
| | **Judge Charles P. Kocoras** |
| v. | |
| | **Magistrate Judge Beth W. Jantz** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

### SUPPLEMENTAL DECLARATION OF KEITH A. VOGT

I, KEITH A. VOGT, declare as follows:

1. I am an attorney admitted to practice before this Court and am the principal of the Law Offices of Keith Vogt, counsel of record for Plaintiff Ian Leonard Greathead ("Plaintiff") in this action. I submit this Supplemental Declaration in support of Plaintiff's Motion for Entry of Consent Judgment [43] and pursuant to the Court's Order dated July 21, 2026 [45]. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would testify competently to them.

2. This Supplemental Declaration concerns the three Defendants that remain in this action and that are the subject of Plaintiff's Motion for Entry of Consent Judgment: Defendant No. 13 (NB poster; Temu Account ID 634418218649153), Defendant No. 28 (Unique posters; Temu Account ID 634418219093130), and Defendant No. 38 (just poster; Temu Account ID 634418220345993) (collectively, the "Settling Defendants"). *See* [43].

3. The Settling Defendants are the only Defendants that remain in this case. On January 21, 2026, the Court entered a Final Default Judgment Order against the defaulting Defendants

[30], and Plaintiff dismissed his claims against the remaining non-settling Defendants [25, 28]. The Settling Defendants are therefore the sole Defendants against whom relief is now sought.

4. Each of the Settling Defendants entered into a written settlement agreement with Plaintiff that resolves Plaintiff's claims against it (the "Settlement Agreement"). The Settlement Agreement is confidential by its terms. Should the Court wish to review it, Plaintiff requests leave to file it under seal.

5. In the Settlement Agreement, each Settling Defendant expressly consented to the personal jurisdiction and venue of the Court in which this action is pending — the United States District Court for the Northern District of Illinois — and agreed not to contest that jurisdiction.

6. Each Settling Defendant, acting through a representative with authority to bind it, thereby knowingly and voluntarily consented to this Court's exercise of personal jurisdiction over it and waived any objection or challenge to personal jurisdiction and venue in this Court.

7. Accordingly, this Court has personal jurisdiction over each of the Settling Defendants based on that Defendant's express consent, independent of any contacts the Defendants may have with Illinois through their online marketplace activity. A revised proposed order reflecting the Settling Defendants' consent to the jurisdiction of this Court is attached as **Exhibit 1** and has been submitted concurrently with this declaration to the Court's proposed order inbox at Proposed_Order_Kocoras@ilnd.uscourts.gov.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 31, 2026.

/s/ Keith A. Vogt
Keith A. Vogt

*Attorney for Plaintiff*